# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. CARMACK, SR.,     )
     )
     Petitioner/Defendant,     )
     )     **CIVIL NO. 05-cv-4046-JPG**
vs.     )
     )     **CRIMINAL NO. 95-cr-30012**
UNITED STATES of AMERICA ,     )
     )
     Respondent/Plaintiff.     )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Petitioner originally filed this motion on February 2, 2005, in his criminal case pursuant to 18 U.S.C. § 3742(a)(2) & (3). The Court, believing that Petitioner was attempting to file the motion pursuant to 28 U.S.C. § 2255, entered an order on February 10, 2005, informing Petitioner that the Court intended to recharacterize the motion as one pursuant to section 2255, but giving Petitioner the opportunity to withdraw the motion if he did not so intend. Petitioner responded to the Court's order, but failed to request withdrawl of the motion. In accordance with the February 10, 2005, order, the Court recharacterized the motion as one pursuant to section 2255 and the instant action commenced.

In the response the Court's order, which has now been filed in the instant action (Doc. 2), Petitioner argues that he did not intend to bring the action pursuant to section 2255, but that he

intended to bring it pursuant to 18 U.S.C. § 3742(a)(2) & (3).  Section 3742 provides Petitioner no

relief.  That statute governs the bringing of an appeal in a criminal case.  Plaintiff's conviction and

sentence have already been affirmed by the Seventh Circuit Court of Appeals.  *See United States v.*

*Carmack*, 100 F.3d 1271 (7th Cir. 1996).  Plaintiff is not entitled to another opportunity to appeal.

Plaintiff's only remedy is to move the Court to vacate, set aside, or correct his sentence pursuant to

28 U.S.C. § 2255.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132,

110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at any time.  However, since the

Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme]

Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking

such review expires."  *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003).  *See*

Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or

criminal, . . . , is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, the Petitioner was sentenced on February 9, 1996.  On November 15, 1996, the Petitioner's conviction was affirmed on direct appeal.  *United States of America v. Carmack*, 100 F.3d 1271 (7th Cir. 1996).  Petitioner did not petition for certiorari in the Supreme Court.  Therefore, for purposes of § 2255, the Petitioner's conviction became final on February 13, 1997.

Petitioner filed the instant motion on March 14, 2005.  Thus, Petitioner filed this motion eight years too late.  Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.

Accordingly, based on the foregoing, Petitioner's section 2255 motion is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: April 17, 2006**

   **s/ J. Phil Gilbert**
   **U. S. District Judge**

- 3 -